**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **FRANK LACEY,** ) | **CASE NO. 1: 18 CV 2006** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | <u>**OPINION AND ORDER**</u> |
| **OHIO DEPARTMENT OF** ) | |
| **REHABILITATION AND** ) | |
| **CORRECTION,** *et al.*, ) | |
| ) | |
| Defendants. ) | |

<u>**CHRISTOPHER A. BOYKO, J.:**</u>

**Background**

*Pro se* Plaintiff Frank Lacey, a state prisoner incarcerated in the Grafton Correctional Institution (GCI), has filed an *in forma pauperis* civil rights Complaint in this matter against the Ohio Department of Rehabilitation and Correction (DRC) and eleven other Defendants.[1]

---

[1] The following are listed as Defendants in the Plaintiff's Complaint: the DRC, DRC Director Gary Mohr, DRC Assistant Chief Inspector M.D. Brown, the Ohio Department of Job and Family

(Doc. No. 1.)

Although the Plaintiff has attached materials to his Complaint (that he incorporates into it) that are lengthy and difficult to parse, the clear crux of his Complaint is that he was wrongfully terminated from his "written apprenticeship contract job" as a Reclaimer in the Prison's Apprenticeship-Reclaimer Program by Defendant Lieutenant Jeremiah Linden who supervised the Program. (*Id*. at page ID # 10.) He contends Defendant Linden unlawfully fired him from his job as a Reclaimer without just cause after he complained about how the Program was run. (*Id*. at page ID ##10, 37.) Among other things, he contends he complained that Linden improperly ran the Program and gave white inmates preferential treatment. (*See id.* at page ID ## 82-90.) The Plaintiff contends Linden fired him from the Program for reasons that were not true after he complained about how the Program was run.

The Plaintiff further indicates he complained about his termination and Linden's practices to a number of Linden's supervisors and through the prison grievance process, but none of them remedied Linden's alleged improper conduct or granted his grievances. (*See id*. at page ID ## 7-8.) He also unsuccessfully sought relief from the Equal Employment Opportunity Commission.

Seeking compensatory and punitive damages, the Plaintiff alleges claims for employment discrimination against the Defendants under Title VII of the Civil Rights Act of 1964 and 42 U.S.C. § 1981, and for rights violations under 42 U.S.C. § 1983.

---

Services, Ohio Multi-Craft, GCI Warden LaShaun Eppinger, GCI Mental Health Administrator Jerry Spatney, GCI Institutional Inspector Tina Grudzen, Lieutenant Jeremiah Linden, Deputy Warden K. Foley, and the United States Department of Labor Office of Apprenticeship. (*Id.* at page ID ## 2-4.)

The Plaintiff has also filed a number of Motions, including: a "Request for Injunctive Relief" (Doc. No. 3), a "Request for Reconsideration to EEOC" and "for Appointment of Counsel" (Doc. No. 4), a "Notice" and "Request for Free Postage and Copies" (Doc. No. 5), and a "Motion for the Granting of Thirty (30) Days for the Filing of Additional Claims" (Doc. No. 7).

By separate Order, the Court has granted the Plaintiff leave to proceed *in forma pauperis*. Therefore, his Complaint is now before the Court for screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Those statutes require the Court to review the Plaintiff's Complaint and to dismiss before service any portion of it that the Court determines is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F.3d 468, 470 (6th Cir. 2010). The Court must read the Plaintiff's *pro se* Complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept his allegations as true unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Nonetheless, the Court is not required to conjure allegations on the Plaintiff's behalf or construct claims for him. *See Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2014). In order to withstand a dismissal for failure to state a claim, the Plaintiff's Complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief against each Defendant that is plausible on its face. *See Hill*, 630 F.3d at 471 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

## Discussion

Upon review, the Court finds that this action may proceed only as against Defendant

Linden.

"[A] prison official may not retaliate against inmates for engaging in protected conduct . . . or treat them differently based on their membership in a protected class." *White v. Trapp*, 93 F. App'x 23, 28 (6th Cir. 2004). Liberally construed, the Plaintiff's allegations support facially valid claims that Linden violated the Plaintiff's constitutional rights in those regards. Accordingly, this action may proceed against Linden under 42 U.S.C. § 1983.

However, the Plaintiff's Complaint does not allege plausible claims, and must be dismissed, as against the remaining Defendants. First, the Plaintiff has no plausible claim, against any Defendant for employment discrimination. An inmate working in a correctional institution does not have an employment relationship with the correctional institution for purposes of Title VII. *See, e.g., Wilkerson v. Samuels*, 524 F. App'x 776, 779 (3rd Cir. 2013); *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991); *Evans v. P. Watson, et al.*, No. 2: 12 CV 424, 2012 WL 3819247, at *4 (W.D. Mich. July 23, 2013) (finding no employment relationship between a prison and prisoner under Title VII because the primary purpose of their association was incarceration, not employment). Additionally, an inmate has no constitutionally-protected liberty or property interest in prison employment, or in participating in prison rehabilitation or apprenticeship programs. *See Dellis v. Corrections Corp. of America*, 257 F.3d 508, 511 (6th Cir. 2001) (district court properly dismissed as frivolous a plaintiff's claim that he was fired from his prison job); *Carter v. Tucker,* No. 03-5021, 2003 WL 21518730, at *2 (6th Cir. July 1, 2003) ("as the Constitution and federal law do not create a property right for inmates in a job, they likewise do not create a property right to wages for work performed by inmates"); *Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir 1987) ("It is well

established, however, that no prisoner has a constitutional right to a particular job or to any job"); *See also Evans*, 2012 WL 3819247 at *4 (citing cases). Accordingly, the Plaintiff has failed to state a plausible claim against any Defendant under Title VII, § 1981, or § 1983 based on allegations of unlawful termination from a prison job.

Second, the Plaintiff has not alleged facts sufficient to impose liability on any Defendant other than Linden based on Linden's alleged unconstitutional conduct. It is well established that § 1983 liability cannot be imposed on a supervisory official for alleged unconstitutional conduct of a subordinate solely on the basis of vicarious liability or *respondeat superior*, or because the official failed to remedy a subordinate's unconstitutional conduct or denied an administrative grievance. *See Shehee v. Lutrell*, 199 F.3d 295, 300 (6th Cir. 1999). The allegations the Plaintiff sets forth in his Complaint regarding the various individual supervisory officials he has named as Defendants, at the most, suggest they are vicariously liable to him, failed to assist him in some way in connection with his complaints and grievances about Linden, or failed to remedy Linden's unconstitutional conduct. (*See, e.g.,* Doc. No. 1 at page ID ## 7, 8.) These allegations are insufficient to support plausible § 1983 claims against supervisory employees.

## Conclusion

For the reasons stated above, the Plaintiff's Complaint is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A for failure to state a claim against all of the Defendants except Defendant Linden. This action shall proceed solely against Defendant Linden on claims under 42 U.S.C. § 1983. The Clerk's Officer is directed to forward the appropriate documents to the U.S. Marshal for service of process on Defendant Linden and **a copy of this**

**Order shall be included with the documents to be served**.

The Plaintiff's remaining pending motions are all denied. The Plaintiff's Notice and Request for Free Postage and Copies and Motion for the Granting of Thirty (30) Days for the Filing of Additional Claims (Doc. Nos. 5 and 7) are both denied as Moot, as he has received what he sought and complained of in those Motions (*i.e.*, postage for mailing his Complaint and financial information regarding his prisoner account). His remaining motions for Injunctive Relief and Reconsideration to the EEOC (Doc. Nos. 3 and 4) lack merit and the Court does not find Appointment of Counsel warranted at this time.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

        **s/ Christopher A. Boyko**
        **CHRISTOPHER A. BOYKO**
        **United States District Judge**

**Dated:** January 16, 2019