**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| FRANK LACEY, | ) | CASE NO: 1:18CV2006 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| Lt. JEREMIAH LINDEN, | ) | |
| | ) | |
| Defendant. | ) | **REPORT AND** |
| | ) | **RECOMMENDATION** |
| | ) | **(Doc. No. 44)** |
| | ) | |

This matter has been referred to the undersigned for general pretrial supervision, pursuant to 28 U.S.C. § 636 and Local Rule 72.1. (Doc. No. 13.) Currently pending is Plaintiff Frank Lacey's "Motion to Strike." (Doc. No. 44.) Defendant has filed a Response in Opposition. (Doc. No. 46.) For the reasons set forth below, the undersigned recommends that Plaintiff's Motion to Strike be DENIED.

**I. Background**

On August 31, 2018, Plaintiff Frank Lacey, ("Plaintiff" or "Lacey") proceeding *pro se,* initiated this civil rights action against the Ohio Department of Rehabilitation and Correction and

eleven[1] other Defendants, including Lieutenant Jermiah Linden ("Defendant Linden").  (Doc. No.

1.)  On January 16, 2019, the Court issued an Opinion and Order, evaluating all the claims contained

within Plaintiff's Complaint.  (Doc. No. 11.)  After a thorough evaluation of Plaintiff's Complaint,

the Court determined Plaintiff's "action shall proceed solely against Defendant Linden on claims

under 42 U.S.C. §1983." (Doc. No. 11 at 5.)  The remaining claims and the eleven other Defendants

were dismissed[2] from the action.  (*Id.* at 4.)

The Court then directed the Clerk's Office to "forward the appropriate documents to the U.S.

Marshal for service of process on Defendant Linden." (*Id*. at 5.)  The Clerk's Office issued a copy

of the Summons and Complaint to the U.S. Marshal for service to Defendant Linden on January 16,

2019.  (Doc. No. 12.)  On February 7, 2019, the U.S. Marshal executed service upon Defendant

Linden.  (Doc. No. 14.)

On June 19, 2019, the undersigned issued a Order to Show Cause to the Plaintiff, noting the

lack of answer or appearance on behalf of Defendant Linden.  (Doc. No. 19.)  The undersigned

directed Plaintiff to "submit an appropriate motion, affidavit, request for entry of default, and

proposed order for default judgment," or risk dismissal for want of prosecution.  (*Id*.)

On July 18, 2019, Plaintiff filed a "Request for the Clerk to Enter Default Judgment; Request

---

[1]  These Defendants included: DRC Director Terry Mohr; DRC Assistant Chief Inspector
M.D. Brown; the Ohio Department of Job and Family Services; Ohio Multi-Craft; LeShaun
Eppinger; GCI Mental Health Administrator Jerry Spatny; GCI Institutional Inspector Tina
Grudzen; Major D. Brown; Lieutenant Jermiah Linden; Deputy Warden K. Foley; and the U.S.
Department of Labor.  (Doc. No. 1.)

[2]  Plaintiff appealed this decision to the Sixth Circuit Court of Appeals.  (Doc. No. 15.)
The Sixth Circuit dismissed this appeal for want of prosecution on June 24, 2019.  (Doc. No. 20.)

for the Clerk to Enter Costs Against the Defendant; Accompanying Affidavit and Journal Entry."[3]

(Doc. No. 21.) Within this filing, Plaintiff not only requested the Clerk enter default judgment

against Defendant Linden, but also requested (1) $100,000 in compensatory damages and $50,000

in punitive damages, by which the Clerk would "enter a 30 day Order of payment to the plaintiff"

(2) "a temporary and permanent injunction against the staff members of the Grafton Correctional

Institution;" and (3) the Clerk enter costs against the Defendant in the amount of $200.00. (Doc. No.

21 at 3.)

The Court issued an Order explaining that Plaintiff's request for an entry of default was

procedurally flawed[4] and granting him an extension of time to appropriately seek an entry of default

by the Clerk of Court, as contemplated by Rule 55(a). (Doc. No. 22.)

On October 31, 2019, Plaintiff filed a procedurally correct "Request for the Clerk of Court

to Enter Entry of Default."[5] (Doc. No. 24.) This document seeks a simple entry of default by the

---

[3] The Court notes it does not appear from the docket or Plaintiff's filings that he sent a copy of this Motion to Defendant Linden.

[4] The Court could not grant the Plaintiff's request because it combined two steps of a process that under the Federal Rules must be separate and distinct. Under Federal Rule of Civil Procedure 55, "default is a two-step process with the entry of default as the first procedural step." *Finfrock v. Ohio Dep't of Rehab. & Corr.*, 2018 WL 2095820, *1 (N.D. Ohio May 7, 2018) (citation omitted). Rule 55(a) directs the clerk to enter default against a party who has failed to plead or otherwise defend. *Id.* The clerk can only enter default when the party seeking default under Rule 55(a) files an application with the clerk for an entry of default. *Id.* (citation omitted). Only after the moving party has gotten an entry of default by the Clerk of Court under Rule 55(a) can the Court consider granting default judgment against a party under Rule 55(b), including making any determinations regarding damages. *See, e.g., Merlitti v. University of Akron*, 2018 WL 3819111, *2 (N.D. Ohio Aug. 10, 2018).

[5] According to that filing, Plaintiff had sent this document via U.S. Mail to the Court on September 11, 2019. (Doc. No. 24 at 1.) However, it was not received by the Court. Plaintiff was alerted to this issue by the Court's *sua sponte* grant of an additional extension of time. (Doc. No. 23.) Plaintiff resubmitted the document, and subtitled this second copy of his corrected request "Retyped Copy," as he avers it is an exact copy of that earlier, missing

Clerk of Court under Rule 55(a), and no longer mingles that request with requests for a default

judgment and award of damages under Rule 55(b). On December 13, 2019, this Court made an

Entry of Default in favor of Plaintiff and against Defendant Linden. (Doc. No. 25.)

On January 2, 2020, The State of Ohio entered a Notice of Limited Appearance on behalf of

Defendant Linden (Doc. No. 26), and made a Motion to Set Aside the Entry of Default on the basis

that Defendant Linden had not been properly served. (Doc. No. 27.) Defendant Linden asserted

that the service of process was mistakenly addressed. (Doc. No. 27-1, Ex. A, Linden Aff; Doc. No.

27-2, Ex. B., Madden Aff.) Employees at a different correctional facility accepted the service of

process, but were barred by Ohio Department of Rehabilitation and Corrections ("ODRC")

regulations from forwarding the mail. Defendant Linden therefore never received notice of the

lawsuit. (*Id.,* Doc. No. 27-5, Ex E.) The complaint and summons were purportedly served on

Defendant Linden at "Grafton Correctional Institution, 2075 S. Avon-Beldon Rd., Grafton, Ohio

44044." (Doc. No. 14, Return of Service.) However, this is the address of the Lorain Correctional

Institution. (Doc. No. 27-4, Ex. D, Lorain Correctional Institution web page.) Defendant Linden

works at Grafton Correctional Institution, located at 2500 South Avon-Belden Road, Grafton, Ohio

44044. (Doc. No 27-3, Ex. C Grafton Correctional Institution web page.)

On February 5, 2020, Plaintiff filed a Motion to Strike the Motion to Set Aside the Entry of

Default and the Notice of Limited Appearance by Interested Party The State of Ohio. (Doc. No. 29.)

On March 6, 2020, this Court granted Defendant's Motion to Set Aside Entry of Default; and

denying plaintiff's Motion to Strike the Notice of Limited Appearance by Interested Party The State

of Ohio. (Doc. No. 30.) The Defendant was ordered to respond to plaintiff's Complaint within 21

document. (Doc. No. 24 at 1.)

days.  (*Id.*)

On March 27, 2020, Defendant filed his Answer to Plaintiff's Complaint.  (Doc. No. 33.)

On May 6, 2020, Plaintiff filed a Motion to Stay proceedings, asserting that his access to legal services had been suspended due to COVID-19 related restrictions on movement.  (Doc. No. 34.)  On May 11, 2020, this Court ruled that. while an indefinite stay is not appropriate, restrictions on access to law materials because of COVID-19 warranted a grant of extension of time.  Plaintiff was granted an extension of time until July 31, 2020, to file his objection to the Court's March 6, 2020 Order and his Reply to Defendant's March 27, 2020 Answer.  (Doc. No. 35.)

On February 4, 2021, this Court held a telephone status conference.  (Doc. No. 43.)  On the same day, Plaintiff filed a Motion to Strike.  (Doc. No. 44.)  On February 5, 2021, Defendant filed a Response in Opposition to this Motion.  (Doc. No. 45.)

## II. Analysis and Discussion

### A.      Subject-Matter Jurisdiction

Plaintiff objects to the teleconference held by this Court on February 4, 2021, on the ground that "the defendant and his attorneys had failed to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1331."  (Doc. No. 44 at 1.)   He also asserts that the notices of appearance of Defendant's counsel were deficient, the Defendant "has no legal right to appear nor proceed in this case." (*Id*. at 4-5.)  Therefore, he asks this Court to grant his Motion to Strike.  (*Id.* at 2.)

Defendant argues that Plaintiff initiated this lawsuit, in which he invoked the jurisdiction of this Court by pleading Federal claims.  (Doc. No. 46 at 3.)  Further, Defendant notes his counsel are both duly licensed attorneys and members of the bar of this Court, who were requested to represent him in their capacities as Assistant Attorneys General, and are therefore entitled to appear on his

behalf in this case.   (*Id.*)

At the outset, the Court notes it is not clear what Plaintiff seeks to have stricken from the case.  While his objection focuses on "the telephonic case Management Conference[6] scheduled in this Court and case on February 4, 2021," the basis for his objection is that the Court lacks subject-matter jurisdiction, which, if true, would require dismissal of this action in its entirety.  Plaintiff is a *pro se* litigant, and his filings are therefore liberally construed. *Spotts v. United States*, 429 F.3d 248, 250 (6th Cir. 2005); *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999)  (*pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings).  However, "the lenient treatment generally accorded to *pro se* litigants has limits," and *pro se* litigants must take advantage of the opportunity to address deficiencies in their pleadings once they have been identified, for example, by filing a reply brief after the opposing party's response has explained a deficiency in a motion.  *Farah v. Wellington*, 295 F. App'x 743, 748 (6th Cir. 2008); citing *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996).  Plaintiff did not file such a reply in support of his Motion to Strike, although the Defendant's Response clearly explained that dismissal of the entire action was the only available remedy should the Court find a lack of subject-matter jurisdiction.  In an abundance of caution, the undersigned has treated Plaintiff's Motion to Strike as dispositive, and addressed it through this Report and Recommendation in accordance with Federal Rule of Civil Procedure 72(b).

It is axiomatic that "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree."

---

[6] The Case Management Conference in this case was also held telephonically, but it was held October 16, 2020.  (Doc. No. 40.)

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).  "[F]ederal

courts have a duty to consider their subject-matter jurisdiction in regard to every case." *Answers in

Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009).  This duty

arises at the initial stages of the proceeding, as courts must "determine whether [they] have

subject-matter jurisdiction over a case before proceeding at all." *In re Lee*, 880 F.3d 242, 243 (6th

Cir. 2018).  28 U.S.C. § 1331 grants federal district courts subject-matter jurisdiction over all claims

"arising under" federal law.   *Cobb v. Contract Transp., Inc.*, 452 F.3d 543, 548 (6th Cir. 2006),

citing *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006).  A claim

arises under federal law when "the plaintiff's statement of his own cause of action shows that it is

based upon [federal] laws or [the federal] Constitution." *Id.*, citing *Louisville & N.R. Co. v. Mottley*,

211 U.S. 149, 152, 29 S.Ct. 42, 53 L.Ed. 126 (1908); *see also Bell v. Hood*, 327 U.S. 678, 681, 66

S.Ct. 773, 90 L.Ed. 939 (1946).

Here, Plaintiff appears to conflate his objection to the Defendant's belated appearance in this

case, discussed at greater length in section II.B., with a jurisdictional issue.[7]  He cites no authority

for his assertion that the Defendant's attorneys were required to include "citations" invoking this

Court's subject-matter jurisdiction in their notices of appearance.  (Doc. No. 44 at 4.)  Nor does he

explain his assertion that his own Complaint in this case does not plead a cause of action that arises

under Federal law. (*Id*. at 4-5.) On the contrary, the Complaint specifically alleges claims for

---

[7] In the first paragraph of his Motion to Strike, Plaintiff informs the Court that he remains in COVID-19 quarantine, and the Grafton Ohio Correctional Institution where he is confined is "mostly shut down." (Doc. No. 44 at 1.)  The Court infers that the restrictions on access to legal materials discussed in his May 6, 2020 Motion to Stay proceedings have continued, at least to some extent, although Plaintiff has made no further motions on that issue.  This may explain, to some degree, the unusual procedural posture of his filing.

employment discrimination against the Defendant under Title VII of the Civil Rights Act of 1964

and 42 U.S.C. § 1981, and for rights violations under 42 U.S.C. § 1983, which are both Federal laws.

(Doc. No. 1 at 3.)  Therefore, this Court has subject-matter jurisdiction over the case at hand.

Further, as explained *supra*, should the Court determine that it does not have subject-matter

jurisdiction, the only appropriate remedy would be dismissal of Plaintiff's case.  Fed. R. Civ. P.

12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must

dismiss the action.").  Yet the Court infers that this is not the remedy sought by Plaintiff, as it would

be more expeditiously pursued by filing a Motion to Dismiss under Federal Rule of Civil Procedure

41(a)(2).

**B.      Failure to Appear**

Plaintiff next asserts that he "has no legal duty to serve the defendant with a copy of the

instant action" because the Defendant failed to appear. (Doc. No. 44 at 5.)  It is not clear whether

Plaintiff is referring to alleged deficiencies with Defendant's counsels' notices of appearance or to

the fact that Defendant failed to timely answer the complaint because there he had not received

service of the Complaint.  Either way, this assertion is without merit.  Although it is true that an entry

of default against Defendant was docketed, this Court set that entry of default aside upon

Defendant's motion explaining that he had never been properly served. (Doc. Nos. 25, 30.)

Therefore, Plaintiff's assertion that Defendant has failed to appear in his defense is inaccurate.

Further, a review of the record shows that on March 27, 2020, Senior Assistant Attorney General

Lori H. Duckworth and Senior Assistant Attorney General Thomas E. Madden, who are,

respectively, lead counsel and co-counsel for the Defendant, properly filed a notice of appearance

on his behalf.  (Doc. No. 32.)  Therefore, there is no basis for Plaintiff's assertion that the Defendant

has failed to appear in this action.

**C.      Due Process of Law**

Finally, Plaintiff asserts that he was denied due process of law because he was not permitted to submit an "oral motion" for consideration by this Court during the telephonic status conference held on October 16, 2020.  (Doc. No. 44 at 3.)  This Court instead instructed Plaintiff that his motion must be filed in writing. Federal Rule of Civil Procedure 7(b)(1)(a) and the corresponding Local Civil Rule 7.1(b) provide that all motions, unless made during a hearing or trial, must be in writing. Neither the Federal Rules of Civil Procedure nor the Local Rules specifically address motions made at status conferences.  However, because those proceedings are neither a hearing nor a trial, they are not a proper venue to raise an oral motion.  Further, Plaintiff provides no support for his assertion that both the Federal Rules of Civil Procedure and the Local Civil Rules of the Northern District of Ohio violate his right to due process under the United States Constitution.

### III.  Conclusion

For all the reasons set forth above, the undersigned recommends that the Plaintiff's Motion to Strike be DENIED.


Date: March 5. 2021                                                 *s/Jonathan D. Greenberg*
                                                                    Jonathan D. Greenberg
                                                                    U.S. Magistrate Judge