UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FRANK LACEY,** | ) | CASE NO.1:18CV2006 |
| | ) | |
| **Plaintiff,** | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| **OHIO DEPARTMENT OF** | ) | ORDER |
| **REHABILITATION AND** | ) | |
| **CORRECTION, ET. AL.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, SR. J:**

This matter is before the Court on Plaintiff pro se Frank Lacey's Motion to Strike (ECF # 44). Plaintiff objects to the teleconference held February 4, 2021, because "the defendant and his attorneys had failed to invoke this Court's subject-matter jurisdiction under 28 U.S.C. § 1331." After Defendant filed his opposition, the Magistrate Judge issued his Report and Recommendation ("R & R") (ECF # 47), recommending Plaintiff's Motion be denied. For the following reasons, the Court adopts the Magistrate Judge's R & R and denies Plaintiff's Motion.

Plaintiff pro se Frank Lacey brought this action on August 31, 2018, against the Ohio Department of Rehabilitation and Corrections and eleven other individually named Defendants for claims stemming from alleged violations of his First Amendment rights. All Defendants and claims were subsequently dismissed except those brought under 42 U.S.C. § 1983 against Defendant Jeremiah Linden.

As the Magistrate Judge points out, its unclear what Plaintiff seeks to strike. It could be the teleconference because Plaintiff contends Defendant and his counsel failed to invoke the Court's subject matter jurisdiction over the teleconference. In his Motion, Plaintiff objects to the teleconference but never expressly identifies what he seeks to strike from the record. Plaintiff also challenges Defendant's counsel's notice of appearance as deficient, apparently because they failed to invoke the Court's subject matter jurisdiction.

Plaintiff also contends that he had no duty to serve a copy of the "instant action" on Defendant because Defendant failed to appear and timely Answer the Complaint.

Lastly, Plaintiff argues the Magistrate Judge denied him his Due Process rights when the Judge refused to allow Plaintiff to submit an oral motion at a teleconference in October 2020 but instead insisted that any motion to the Court be submitted in writing.

## **Standard of Review**

A district court reviews de novo any finding or recommendations of the magistrate judge's report and recommendation to which specific objections are made. 28 U.S.C. § 636(b)(1)(c); 28 U.S.C. § 2254, Rule 8(b); Loc. R. 72.3(b). A party may not file a general objection to the entirety of the magistrate's report. *Ayers v. Bradshaw,* 2008 WL 906100, at*1 (N.D. Ohio Mar. 31, 2008) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d505, 508-09 (6th Cir. 1999)). "For an objection to be sufficiently specific, the petitioner must direct 'the district judge's attention to specific issues decided by the magistrate contrary to [the petitioner's] position.'" *Ayers*, at *2 (quoting *Neuman v. Rivers,* 125 F.3d 315, 323 (6thCir. 1997)).

As the Magistrate Judge clearly reasoned, if the Court lacks subject matter

jurisdiction, then everything, including Plaintiff's Complaint, must be dismissed. Here, Plaintiff has asserted federal claims, including employment discrimination claims under Title VII and constitutional claims under 42 U.S.C. § 1983. 28 U.S.C. § 1331 grants federal district courts subject-matter jurisdiction over all claims "arising under" federal law. Thus, the Court clearly possesses subject matter jurisdiction because Plaintiff's Complaint presents questions of federal law.

Plaintiff further fails to offer any caselaw holding that a Defendant must invoke the Court's subject matter jurisdiction before appearing in a case. It is to Plaintiff's Complaint that the Court looks to determine its subject matter jurisdiction not Defendant's invocation of subject matter jurisdiction. Therefore, the Court agrees with the Magistrate Judge that Defendant's failure to invoke the Court's subject matter jurisdiction does not deprive the Court of the same nor does it prohibit Defendant's counsel from appearing before the Court.

The Magistrate Judge further determined Plaintiff's argument that he had no duty to serve Defendant a copy of the "instant action" because Defendant failed to appear or answer has no merit because Plaintiff failed to properly serve Defendant initially. While an entry of default was originally docketed in the case, upon motion of Defendant to set aside the entry of default, the Court granted the motion once Defendant established that he was never properly served. Thus, Defendant did not fail to answer but did subsequently answer the Complaint once service was properly executed upon him. Moreover, the docket demonstrates that Defendant's counsel entered their notice of appearance on March 27, 2020. Therefore, the Magistrate Judge recommends and the Court agrees that Plaintiff's arguments on Defendant's alleged failure to answer and failure to appear lack merit.

Finally, the Magistrate Judge recommends the Court find Plaintiff's lack of Due Process argument fails because both Federal Rules of Civil Procedure and the Court's Local Rules require all motions be in writing. Federal Rule of Civil Procedure 7(b)(1)(a) and the Local Civil Rule 7.1(b) provide that all motions, unless made during a hearing or trial, must be in writing. Plaintiff provides no authority for his assertion that he has a Due Process right to oral motions. The Court agrees with the Magistrate Judge that the plain language of the Federal Rules of Civil Procedure and Local Rules require motions be in writing unless otherwise authorized by the Court. Moreover, Plaintiff fails to argue that he was unable to submit a written motion. Thus, he cannot demonstrate any prejudice.

Finally, Plaintiff has not filed any objections to the Magistrate Judge's Report and Recommendation. "The election not to file objections to the Magistrate Judge's report releases the Court from its duty to independently review the record." *Godwin v. Tuscola Cty. Ct.,* No. 20-12012, 2020 WL 6161257, at *1 (E.D. Mich. Oct. 21, 2020) citing *Thomas v. Arn,* 474 U.S. 140, 149 (1985). "The failure to file objections to the report and recommendation waives any further right to appeal." *Id.*

Therefore, for the foregoing reasons, the Court adopts the Magistrate Judge's unobjected to Report and Recommendation and denies Plaintiff's Motion to Strike.

IT IS SO ORDERED.


    /s/Christopher A. Boyko
CHRISTOPHER A. BOYKO
Senior United States District Judge